IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROMSPEN US MASTER MORTGAGE LP,
an exempted Cayman Islands limited partnership,

       Plaintiff,

v.

ML ESTATE HOLDINGS, LLC, a New York
limited liability company; and, MEYER LEBOVITS,
an individual,

       Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership, as successor/assignee of Romspen Mortgage Limited Partnership ("Romspen"), sues Defendants, ML Estate Holdings, LLC, a New York limited liability company ("ML Estate"), and Meyer Lebovits ("Lebovits") (together, the "Guarantors"), an individual residing in New York, New York, and states as follows:

### Parties, Jurisdiction and Venue

1.  Romspen is an exempted Cayman Islands limited partnership with its principal place of business in the Cayman Islands. Romspen's partners, including its general partner, Romspen US Mortgage GP, Inc., a Canadian corporation, are citizens of the province of Ontario, Canada.

2.  ML Estate is a New York limited liability company with its principal place of business in Brooklyn, New York. Each of ML Estate's members are citizens of the State of New York. ML Estate has consented to venue in this judicial district and personal jurisdiction in this Court, pursuant to paragraph 13 of that certain guaranty executed March 17, 2017 (copy attached

as **Exhibit "A"** and incorporated herein) in favor of Romspen (the "Guaranty"), which forms the basis of this action.

3.     Lebovits is a citizen of the State of New York and resides in Brooklyn, New York.   Lebovits has consented to venue in this judicial district and jurisdiction in this Court pursuant to paragraph 13 of that certain guaranty executed March 17, 2017 (copy attached as **Exhibit "B"**) by Lebovits in favor of Romspen (the "Guaranty"), which forms the basis of this action.

4.     This Court has diversity subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because Romspen and each of the Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred here, and the parties consented to venue in this district pursuant to paragraph 13 of the Guaranty.

### General Background Facts

6.     On or about March 17, 2017, in connection with a loan extended by Romspen to Desoto Owners, LLC, a Delaware limited liability company ("Desoto Owners"),[1] the Guarantors executed and delivered to Romspen the Guaranties.

7.     After Desoto Owners failed to pay amounts due under the loan documents on or about April 1, 2018, Romspen declared a default against Desoto Owners and the Guarantors, and accelerated the entire outstanding indebtedness owed under the loan documents, including the Guaranties.

---

[1]     Desoto Owners, LLC is a debtor in bankruptcy voluntarily filed under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York, in Case No.: 1-20-43381 on September 22, 2020, at which time related entity Desoto Holding, LLC also commenced its bankruptcy in Case No.: 1-20-43388 (jointly, the "Desoto Bankruptcy").

8.      Due to the failure or inability by Desoto Owners and Guarantors to cure the default, Romspen commenced its action for mortgage foreclosure and related relief in the case entitled: *Romspen US Master Mortgage LP, Plaintiff v. Desoto Owners, LLC, ML Estate Holdings, LLC, Meyer Lebovits, et al., Defendants*, Manatee County Circuit Civil Case No.: 2018-CA-003897 (the "Foreclosure Proceedings").

9.      As a result of the Foreclosure Proceedings, Romspen obtained entry of that certain Uniform Final Judgment of Mortgage Foreclosure on January 30, 2020 (Instrument No. 202041011396, recorded 2/3/2020, Official Records of Manatee County, Florida) (the "Foreclosure Judgment") in the amount of $29,350,990.62, thereby extinguishing and foreclosing any and all inferior interests in the real and personal property securing repayment of Romspen's loan.

10.     The Foreclosure Judgment conclusively established that, "ML Estate and Lebovits breached their respective Guaranties (Pl's. Exh. 9-10) by failing to pay the amounts owed by Desoto [Owners] under the Loan Documents…" ¶8.h, Foreclosure Judgment.

11.     As part of supplemental proceedings in the Foreclosure Action, the trial court received uncontroverted proof that Romspen was owed an additional $1,399,898.52 for post-judgment expenses, advances, and interest for a total of $30,750,899.14 as of the scheduled foreclosure sale set for September 23, 2020, which did not occur due to the automatic stay provisions of United States Bankruptcy Code 11 U.S.C. § 361.

12.     All conditions precedent to the filing of this action have been satisfied, waived, or have occurred.

13.     Romspen has retained Greenspoon Marder LLP to represent it in this action and is obligated to pay its attorneys' reasonable fees for representation, which are taxable against the Defendants, jointly and severally, pursuant to paragraphs 1, 2 and 10 of the Guaranties.

## COUNT I
## Breach of ML Estate Guaranty

14.     Romspen restates and incorporates the allegations contained in paragraphs 1 through 13 herein.

15.     ML Estate executed the Guaranty, thereby unconditionally guaranteeing, *inter alia*, Desoto Owners' payment of all amounts due under the loan documents.

16.     On or about April 1, 2018, Desoto Owners defaulted under the loan documents by failing to pay Romspen the amounts due thereunder.  ML Estate materially breached the Guaranty by failing to pay the amounts owed by Desoto Owners under the loan documents.

17.     ML Estate's failure and refusal to honor the terms of the Guaranty caused Romspen damages.

## COUNT II
## Breach of Lebovits Guaranty

18.      Romspen restates and incorporates the allegations contained in paragraphs 1 through 13 herein.

19.     Lebovits executed the Guaranty, thereby unconditionally guaranteeing, *inter alia*, Desoto Owners' payment of all amounts due under the loan documents.

20.     On or about April 1, 2018, Desoto Owners defaulted under the loan documents by failing to pay Romspen the amounts due thereunder.  Lebovits materially breached the Guaranty by failing to pay the amounts owed by Desoto Owners under the loan documents.

GREENSPOON MARDER LLP
4

21.     Defendant Lebovits' failure and refusal to honor the terms of the Guaranty caused Romspen damages.

WHEREFORE, Romspen demands judgment against Defendants ML Estate and Lebovits, jointly and severally, for damages as a result of their breach of their Guaranties in the amount of $30,750,899.14, together with the costs of this action, attorney's fees, prejudgment interest, and such other relief deemed appropriate.

/s/ Murray B. Silverstein
Murray B. Silverstein (Trial Counsel)
Florida Bar No.: 349216
murray.silverstein@gmlaw.com
Jacob L. Boehner
Florida Bar No.: 1002685
jacob.boehner@gmlaw.com
moneka.simpson@gmlaw.com
**GREENSPOON MARDER LLP**
401 East Jackson Street, Suite 3650
Tampa, Florida 33602
(813) 769-7036
*Attorneys for Romspen US Master Mortgage LP*